**Orlando M. TRANCHO, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 08–3804.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 2, 2009.

Filed Sept. 03, 2009.

Arturo S. Suarez–Silverio, Esq., Newark, NJ, for Petitioner.

Brooke M. Maurer, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

Orlando M. Trancho petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") final order of removal. For the reasons that follow, we will deny his petition for review.

Trancho is a native and citizen of Portugal. He arrived in the United States in 1989 on a visitor's visa, which he overstayed. Following his second conviction for receiving stolen property on October 27, 2006, Trancho was charged with removability for having overstayed his visa and for having committed two or more crimes of moral turpitude. Trancho is married to a United States citizen. His parents are lawful permanent residents of the United States and his mother suffers from severe depression. After being charged with removability, he sought a waiver of inadmissibility so as to allow him to apply for an adjustment of status based on an approved labor certification.[1] Pursuant to INA § 212(h)(1)(B), "the Attorney General may, in his discretion," grant an alien a waiver of inadmissibility, "if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawful[ ]

resident spouse, parent, son, or daughter...." 8 U.S.C. § 1182(h)(1)(B).

On April 24, 2007, the IJ denied Trancho's request for a waiver "as a matter of discretion," finding that despite his *prima facie* eligibility, the equities weighed against granting one. (J.A. 301.) As part of his conclusion, the IJ held that he was "not persuaded that Respondent's removal would result in extreme hardship to Respondent's U.S. citizen spouse." (J.A. 301.) The BIA remanded because the IJ failed to consider the effect of Trancho's removal on his lawful permanent resident parents. (J.A. 47–48.)

On September 13, 2007, while his case was on remand to the IJ, Trancho's 1996 New Jersey State conviction for receiving stolen property was vacated. (J.A. 16, 75–89.) He apprised the IJ of this development in the context of a motion for a bond hearing. (*Id.*) One day later, on September 14, 2007, the IJ issued his decision denying Trancho's application for a waiver. (J.A. 54–61.) There was no discussion of the vacatur of his 1996 conviction in the IJ's opinion. (*Id.*) The IJ concluded that while Trancho's removal proceedings had affected his mother and his removal might exacerbate her symptoms, she had been suffering from depression for nine years and it was not clear that her depression would be resolved if his request for a waiver was granted. (J.A. 60–61.) Additionally, the IJ held that Trancho's potential eligibility for an adjustment of status based on his wife's citizenship was not "an equity sufficient to outweigh the seriousness of his criminal past." (J.A. 61.)

Trancho sought review by the BIA, arguing that the matter should be remanded to the IJ for consideration of the new evidence he submitted regarding the vacatur of his 1996 conviction, and for a re-

---

1. At the time he sought to adjust his status, his wife was not yet a U.S. citizen.

assessment of the hardship to his mother should he be removed. (J.A. 18–22.) On October 12, 2007, while his appeal to the BIA was pending, the IJ granted his motion to be released on bond, based on the "material change in circumstance" occasioned by the vacatur of his 1996 conviction.[2] (J.A. 91–95.) On appeal, the BIA adopted and affirmed the IJ's determination that his qualifying relatives would not experience extreme hardship should he be removed, and held that Trancho had failed to demonstrate that remand to the IJ to consider the vacatur of his 1996 conviction was warranted, as he had not shown how the vacatur materially affected the outcome of his proceedings. (J.A. 2–4.) Trancho timely filed a petition for review.

█ We have jurisdiction over this petition for review under 8 U.S.C. § 1252. We lack jurisdiction over that aspect of the BIA's order affirming the IJ's discretionary denial of a waiver of inadmissibility. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i) & 1182(h) ("No court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this subsection."); *see also Mendez–Moranchel v. Ashcroft,*

338 F.3d 176, 179 (3d Cir.2003) (holding that the "hardship determination" is discretionary and, accordingly, this Court lacks jurisdiction to review it). However we retain jurisdiction over constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D).

█ In his petition for review, Trancho challenges the BIA's review of the IJ's determination that he failed to demonstrate that his mother would suffer "extreme hardship" as a result of his removal. As stated above, we lack jurisdiction to review this claim. As Trancho's remaining two claims are legal ones, however, we consider them in turn. First, Trancho argues that, in denying his motion to remand for the consideration of additional evidence, the BIA engaged in inappropriate fact-finding in concluding that he had not demonstrated the materiality of the vacatur of his 1996 conviction to the IJ's determination that he had not satisfied the standard for a waiver. Second, Trancho argues that his right to due process was violated by the BIA's failure to remand the matter to the IJ as, in doing so, it pre-

---

2. In addressing the impact of Trancho's remaining 2006 conviction for receiving stolen property on his underlying immigration proceedings, the IJ speculated that the remaining conviction might have fallen under "the 'petty offense' exception for crimes involving moral turpitude." (J.A. 93.) The subsection referred to by the IJ provides that where an alien has committed only one crime of moral turpitude as defined in INA § 212(a)(2)(A)(i)(I), he is not inadmissible if "the maximum penalty possible for the crime of which the alien was convicted ... did not exceed imprisonment for one year and, if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed)." 8 U.S.C. § 1182(a)(2)(A)(ii)(II). Because the IJ did not have the record before him, he granted Trancho's motion to be released on bond. (J.A. 93–94.) While Trancho

argues that the BIA's refusal to remand to the IJ prevented him from "show[ing] whether his remaining conviction may be deemed to be a 'petty offense' " (Pet'r Br. 28), the record clearly reflects that it cannot. Trancho was convicted of receiving stolen property in the third degree pursuant to N.J. Stat. Ann. § 2C:20–7, an offense which carries a maximum sentence of five years. *See* N.J. Stat. Ann. § 2C:43–6. (J.A. 3, 558–59.) He was actually sentenced to three years of probation. (*Id.*) In its opinion, the BIA correctly held that Trancho made no claim or showing that his conviction constituted a "petty offense" and, indeed, as it carried a maximum possible penalty of five years' imprisonment, it cannot. *See* 8 U.S.C. § 1182(a)(2)(A)(ii)(II). (J.A. 3, n. 2.) Accordingly, Trancho would still require a waiver of inadmissibility despite the vacatur of his 1996 conviction. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I).

vented him from fully developing the record below.

In connection with his appeal brief, Trancho filed a document with the BIA entitled "Motion to File Additional Evidence", in which he asked the BIA to receive into evidence his renewed motion for a bond hearing indicating that his 1996 conviction had been vacated, and the IJ's opinion granting his request to be released on bond. (J.A. 26–43.) In its decision, the BIA construed this as a motion to remand, which it denied. (J.A. 3–4.) In considering Trancho's motion to remand, the BIA held that the vacatur was not determinative because, while he may no longer be removable for having committed two or more crimes of moral turpitude, he remains removable for having overstayed his visa. *See* 8 U.S.C. § 1227(a)(1)(B). (J.A. 3.) Additionally, he remains ineligible for an adjustment of status without a waiver based on his 2006 conviction for receiving stolen property. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I). (J.A. 3.) Because it affirmed the IJ's hardship determination, the BIA concluded that there was no need to remand to the IJ to consider the effect of the vacated conviction, if any. (J.A. 3.) Trancho challenges this conclusion, arguing that in reaching it, the BIA engaged in "inappropriate fact-finding." We disagree. In its decision, the BIA correctly concluded that Trancho failed to make any argument to the IJ that the vacated conviction would have obligated him to delay the issuance of his September 14, 2007 decision, nor did he request a continuance or adjournment of the proceedings before the IJ upon receiving notice of the vacatur. The BIA then proceeded to consider whether Trancho had met the requirements for a motion to remand. While the BIA has noted that motions to remand are not explicitly provided for by the statutory scheme, when such a motion requests relief normally provided for by a motion to reopen or to reconsider, the BIA will treat

is as such. *See Matter of Coelho,* 20 I. & N. Dec. 464, 471 (BIA 1992). Here, because Trancho requested remand to the IJ to consider evidence not previously before it, the BIA treated it as a motion to reopen and, accordingly, asked whether Trancho had demonstrated that the new evidence would likely change the result in his case. *See* 8 C.F.R. § 1003.2(c)(1) (requiring that the Board determine if the evidence forming the basis for a motion to reopen is material and was not previously available); *INS v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (charging the BIA with determining whether the applicant has offered previously unavailable material evidence and demonstrated *prima facie* eligibility for relief sought). Because it concluded that Trancho had not demonstrated how the vacatur materially affected the outcome of the removal proceedings, it denied his motion to remand. This does not reflect inappropriate fact-finding but rather the proper exercise of the BIA's duties when considering a motion to reopen. *See Abudu,* 485 U.S. at 104, 108 S.Ct. 904; *Shardar v. Attorney General,* 503 F.3d 308, 313 (3d Cir.2007). Accordingly, we conclude that this claim is without merit.

■ Finally, Trancho claims that by preventing him from "developing the record to determine the full significance of the vacatur of his 1996 conviction" the BIA denied him his right to due process. (Pet'r Br. 27–28.) He essentially claims that he was denied the right to a fair hearing. *See Singh v. Gonzales,* 432 F.3d 533, 541 (3d Cir.2006). To prevail on this claim, Trancho is required to show "substantial prejudice." *See id.* Because he has not demonstrated on any level in these proceedings how the introduction of evidence regarding the vacatur of his 1996 conviction would have affected the IJ's decision, he has not satisfied this standard.

Based on the foregoing, we will deny the petition for review.